IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

YVONNE JESSICA GAUDARD,
          Plaintiff,

v.                                            Civil Action No: 3:17-cv-377-JAG

CARRIAGE HOUSE PRESERVATION, L.P.,
NHPMN MANAGEMENT, LLC,
AIMCO CARRIAGE HOUSE GP, LLC,
AIMCO EQUITY SERVICES, INC.,
VIRGINIA HOUSING DEVELOPMENT AUTHORITY, and
J. M. CRAWLEY,
          Defendants.

## OPINION

Due to significant levels of mold in her apartment, Yvonne Jessica Gaudard's health deteriorated. As a result, Gaudard brought suit in state court against the owners, managers, and related agents of her apartment complex, including J. M. Crawley, the manager of her apartment complex. Gaudard alleged several counts including breach of contract, common law negligence, actual and constructive fraud, and negligence per se. Upon the state court's dismissal of Crawley, the defendants filed a notice of removal. In response, Gaudard has filed a motion to remand.

Crawley's dismissal by the state court judge constitutes an involuntary dismissal. A federal court does not have diversity jurisdiction over a case made removable by an involuntary dismissal, at least during the time an appeal is possible.

Of course, a defendant can remove a case if the plaintiff has sued non-diverse parties in a fraudulent attempt to defeat diversity jurisdiction. In this case, the defendants do not meet their high burden of establishing fraudulent joinder. Accordingly, the Court grants Gaudard's motion to remand the case back to state court.

# I. BACKGROUND

## A. *Factual Background*

While living in Carriage House Apartments for two years, exposure to excessive mold and moisture harmed Gaudard's health. Gaudard reported the problems that beset her unit on several occasions. Crawley repeatedly told Gaudard that management had taken appropriate action to solve the problem. When the issues remained unsolved, Gaudard scheduled her own mold examinations. The first investigation indicated the unit had "heavy" to "moderate" levels of mold; the second found over 50% moisture. Gaudard has suffered repeated infections and sinus problems, requiring hospitalization. Moreover, her asthma has considerably worsened.

## B. *Procedural Background*

In 2014, Gaudard sued the defendants in the Circuit Court for the City of Petersburg, but voluntarily nonsuited the case. On November 25, 2015, Gaudard refiled the suit in the same state court.

The defendants filed a notice to remove the case to this Court, and Gaudard responded with a motion to remand. In January 2017, this Court found Crawley a party to the case for purposes of evaluating diversity jurisdiction. Because Crawley resided in Virginia, complete diversity between the parties did not exist, so the federal court did not have jurisdiction. The Court remanded the case to state court.

After remand, on January 17, 2017, Gaudard served Crawley with the complaint. Crawley responded by filing a motion to quash service and dismiss the case against her. The state court granted the motion and dismissed Crawley from the case. Gaudard appealed. Gaudard's appeal of this dismissal remains pending.

## II. DISCUSSION

Federal diversity jurisdiction requires complete diversity between the parties; none may share citizenship. *Strawbridge v. Curtis*, 7 U.S. 267 (1806). If diversity jurisdiction exists, a party may remove the case from state court to federal court. 28 U.S.C. § 1441(a). "Diversity must be established at the time of removal." *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988). Courts strictly construe diversity jurisdiction upon removal to federal court. *Wagner v. Regent Invs. Inc.*, 903 F. Supp. 966, 968 (E.D. Va. 1995). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

The Court finds remand to state court necessary. The voluntary/involuntary dismissal rule precludes complete diversity. The defendants have not sufficiently proved fraudulent joinder either, the exception to the complete diversity requirement.

When a plaintiff appeals an involuntary dismissal[1] of a defendant in state court, a federal court may not hear the case based on diversity jurisdiction.[2] *Phillips v. B.J's Wholesale Club, Inc.*, 591 F. Supp. 2d 822, 824 (E.D. Va. 2008).[3] The federal court cannot exercise jurisdiction

---

[1] When a plaintiff voluntarily dismisses a non-diverse defendant and thereby creates complete diversity, the federal court has jurisdiction to hear the case. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988). The plaintiff's voluntarily action shows she no longer wishes to include the non-diverse defendant. *Id.* As a result, diversity jurisdiction will remain present throughout the case. *Id.* If a state court judge dismisses the non-diverse party, however, the federal court does not have jurisdiction. *Id.* The plaintiff can appeal the judge's decision and, if successful, this could lead to the reinstatement of the non-diverse defendant. *See Wingfield v. Franklin Life Ins. Co.*, 41 F. Supp. 2d 594, 597 (E.D. Va. 1999). In that case, the appellate decision would destroy diversity jurisdiction. *Higgins*, 863 F.2d at 1166.

[2] In Virginia, a party has 30 days to file an appeal from the date of a final judgment order or decree. Va. Code Ann. § 8.01-675.3 (2017). Gaudard's appeal appears timely.

[3] *See also Whitcomb v. Smithson*, 175 U.S. 635, 638 (1900) (holding that a court's grant of a directed verdict resulting in an involuntary dismissal of a non-diverse party did not create grounds for removal to federal court).

3

because the plaintiff may win reversal, bringing the non-diverse party back into the case and defeating diversity.

Fraudulent joinder provides an exception to the complete diversity requirement. *Evans v. CDX Services LLC*, 528 F. Supp. 2d 599, 602 (S.D.W. Va. 2007). It also provides an exception to the voluntary/involuntary dismissal doctrine. *Buchanan City v. Equitable Prod. Co.*, 788 F. Supp. 2d 497, 500 (W.D. Va. 2011). A court should permit removal if the removing party can show that a plaintiff joined a non-diverse defendant in order to defeat diversity jurisdiction. *Id.* The removing party bears a high burden to prove fraudulent joinder: it must show either (1) "that there has been outright fraud in the plaintiff's pleading of jurisdictional facts" or that (2) "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.2d 229, 232 (4th Cir. 1993) (internal citation omitted.) As to the second of these options, "[a] mere 'glimmer of hope' for relief is sufficient to defeat removal based on fraudulent joinder." *Phillips*, 591 F. Supp. 2d at 825 (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999)).[4]

The parties do not dispute Crawley's dismissal as involuntary.[5] Accordingly, the question before the Court focuses on whether Gaudard's joining of Crawley constitutes fraudulent joinder. The defendants fail to meet their high burden. They allege Gaudard fraudulently joined Crawley to defeat diversity jurisdiction. The defendants imply that the plaintiff did not join Crawley for monetary gain, pointing to the disparate financial positions of companies compared to their employees. The defendants also refer to the prior non-suited case

---

[4] In other words, the removing party must demonstrate that absolutely no cause of action exists. *Marshall v. Manville Sales Corp.*, 6 F.2d 229, 232 (4th Cir. 1993) (quoting *Poulous v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).

[5] Actually, neither of the parties raises the voluntary/involuntary dismissal doctrine. But neither party can dispute that the state court dismissed Crawley.

4

in which Gaudard did not serve Crawley at all. Neither assertion suggests outright fraud by Gaudard in her pleadings.

The defendants also fail to show Gaudard has no possible claim against Crawley. Gaudard alleges fraud against Crawley,[6] claiming she acted on the authority of her employer, or alternatively, on her own authority.[7] Gaudard asserts Crawley made false and misleading statements concerning the alleged mold test and its results. Moreover, Gaudard claims Crawley negligently concealed the lack of an effective remedy to the mold, and made such statements to avoid the requirement of Virginia law to move a tenant to a safe location if mold conditions existed in the tenant's apartment. Gaudard asserts that she relied on Crawley's statements, which ultimately led to injury and health concerns. Accordingly, the defendants fail to show that absolutely no possibility of a cause of action exists against Crawley. In situations where jurisdiction is doubtful, federal courts must remand. Consequently, the defendants do not bear their high burden in establishing fraudulent joinder.

---

[6] "To prevail on an actual fraud claim under Virginia law, a plaintiff must prove by clear and convincing evidence '(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party mislead." *Murr v. Capital One Bank (USA)*, 28 F. Supp. 3d 575, 584 (E.D. Va. 2014). "The elements of a cause of action for constructive fraud are a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation." *Baker v. Elam*, 883 F. Supp. 2d 576, 580 (E.D. Va. 2012) (internal citation omitted).

[7] A party may plead in the alternative in a single count or in a separate one. Fed. R. Civ. P. 8(d)(2). "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." *Id.*

## III. CONCLUSION

Due to the involuntary dismissal of Gaudard, this Court does not have jurisdiction to hear the case. Moreover, the defendants have not met their high burden in alleging Gaudard's fraudulent joinder of Crawley. The Court, therefore, GRANTS Gaudard's motion to remand.

An appropriate order shall issue.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: August 4, 2017
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge